UNITED STATES of America,
Plaintiff–Appellee,

v.

Luis Enrique GONZALEZ,
Defendant–Appellant.

No. 04–10461.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Jan. 9, 2007.

Bruce M. Ferg, Esq., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Leslie A. Bowman, Esq., Law Office of Leslie A. Bowman, Tucson, AZ, for Defendant–Appellant.

Before: CANBY, NOONAN, and PAEZ, Circuit Judges.

MEMORANDUM *

Luis Enrique Gonzalez appeals his conviction for conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii), contending that his conviction should be reversed because, inter alia, he was not permitted to substitute counsel before trial. We have jurisdiction under 28 U.S.C. § 1291.

The denial of a substitution motion is reviewed for abuse of discretion. *United States v. Prime*, 431 F.3d 1147, 1154 (9th Cir.2005). Three factors inform our deci-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sion: 1) "the adequacy of the [lower] court's inquiry into the defendant's complaint"; 2) "the timeliness of the motion"; and 3) whether the conflict "result[ed] in a complete breakdown in communication and a consequent inability to present a defense." *Id.; see also Schell v. Witek,* 218 F.3d 1017, 1024–25 (9th Cir.2000) (en banc) (approving three-factor analysis to determine abuse of discretion in cases of direct federal appeal).

 The magistrate judge did not conduct an adequate inquiry. The court's focus on counsel's competence instead of the conflict between Gonzalez and counsel was "misplaced." *See United States v. Adelzo–Gonzalez,* 268 F.3d 772, 778 (9th Cir.2001). Also, when Gonzalez indicated he was not communicating with counsel, the court did not ask Gonzalez for specifics.

The substitution motion was timely, because it was made over a month before trial. *See, e.g., United States v. Smith,* 282 F.3d 758, 763 (9th Cir.2002). In light of the many continuances granted before trial, we cannot say that the public interest in timely proceedings justified denying the motion.

On the record before us, we are prevented from determining whether the conflict between Gonzalez and his counsel amounted to "a complete breakdown in communication," because the magistrate judge failed to conduct the necessary inquiry into that issue. Since Gonzalez sought to substitute appointed counsel, the denial of his substitution motion did not violate his Sixth Amendment right to counsel unless the conflict actually prevented an adequate defense. *See Schell,* 218 F.3d at 1026. As a result, we remand to the district court for a hearing on the extent of the conflict between Gonzalez and his counsel. *See*

*United States v. Musa,* 220 F.3d 1096, 1103 (9th Cir.2000). If the district court finds that this conflict prevented an adequate defense, it shall vacate Gonzalez's convictions and order a new trial.

Gonzalez also asserts several other claims of reversible error. We express no position on his claim of ineffective assistance of counsel, as we generally "do not review [these] challenges ... on direct appeal." *See United States v. Jeronimo,* 398 F.3d 1149, 1155–56 (9th Cir.2005). As to Gonzalez's remaining claims, we conclude they are without merit, and therefore affirm the district court.

We REMAND for further proceedings consistent with this disposition.